UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

H.A., by her guardians L.A. and S.A., *et al.*,
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.

KATHLEEN HOCHUL, in her official
capacity as Governor of the State of New
York, *et al.*,

      Defendants.

**DECISION AND ORDER**

1:16-cv-00735(LJV)(JJM)

---

  Familiarity with the relevant facts is presumed. Before the court is plaintiffs' motion to compel [63].[1] Although I had scheduled the motion for oral argument, after reviewing the parties' submissions [63-66], I conclude that oral argument is unnecessary. For the following reasons, the motion is denied.

## DISCUSSION

  "Plaintiffs propose a discovery mechanism by which Defendants, or a third party, would send a letter, authored by Plaintiffs' counsel." Goldstein Affirmation [63-2], ¶5. The letter would be sent "to potential classmembers informing them that, if they are willing and have the desire, they can indicate their willingness to communicate with Plaintiffs' counsel with regards to this lawsuit. Such communication would be made for the specific purpose of securing

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

additional information to aid Plaintiffs in their upcoming motion for class certification." Plaintiffs' Memorandum of Law [63-1] at 2.

As defendants point out, "Plaintiffs provide no authority by which Plaintiffs can compel Defendants to directly mail a letter to putative class members. The Federal Rules of Civil Procedure ('Rules') proscribe the specific type of discovery mechanisms available to parties to conduct discovery. The direct mailing of a letter by Defendants to putative class members to facilitate Plaintiffs' collection of testimony from those individuals is not such a discovery mechanism". Defendants' Memorandum of Law [64] at 4.

While plaintiffs argue that "[t]he rules of discovery, including Rule 26, are to be given broad and liberal construction" (plaintiffs' Memorandum of Law [63-1] at 3), "[l]iberal construction does, however, have a limit". 1 Moore's Federal Practice, §1.21[1][a]. "The Federal Rules of Civil Procedure should be liberally construed, but they should not be expanded by disregarding plainly expressed limitations." Schlagenhauf v. Holder, 379 U.S. 104, 121 (1964).

Although "Rule 29 allows the parties by stipulation to modify the procedures provided by the federal rules for discovery", 8 Wright & Miller, Federal Practice and Procedure (Civil), §2005 (3d ed.), defendants have not stipulated to plaintiffs' proposal. "In the absence of such a stipulation . . . discovery must be had in compliance with [the] rules." Id. See also Oliver v. County of Chatham, 2018 WL 1221904, *8 (S.D. Ga.), adopted, 2018 WL 1513345 (S.D. Ga. 2018) (since "the Federal Rules of Civil Procedure provide the exclusive methods for conducting discovery", parties may "utilize those methods, *and only those methods*") (emphasis in original).

## CONCLUSION

For these reasons, plaintiffs' motion to compel [63] is denied.

**SO ORDERED**.

Dated: July 26, 2022

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
